### G. E. Vandergrift, Appellee, v. C. O. Clark Hotel Company, Appellant.

VERDICT—*when set aside as against the evidence.* A verdict clearly and manifestly against the weight of the evidence will be set aside on review.

Assumpsit. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed March 18, 1908.

LOUDEN & CROW, for appellant.

HENRY T. KENT and R. V. GUSTIN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit in *assumpsit* against appellant to recover $250 claimed to have been deposited by appellee for safekeeping with the clerk of appellant's hotel. The case was tried by jury and resulted in verdict and judgment for plaintiff for $250, from which the defendant appealed.

Between eleven and twelve o'clock at night, August 3, 1906, appellee went to the Royal Hotel, East St. Louis, registered as a guest and was assigned to a room by the night clerk, Floyd Calvert. He left with the clerk $250 for safekeeping and was given a receipt for the money. His father came with him to the hotel, and together they went to his room and ordered supper,

which was sent in from an outside restaurant. After supper he and his father had some controversy about private matters and the father left. Soon thereafter appellee went down to the office, paid his bill, fifty cents, and ordered a carriage to take him to Belleville, fourteen miles distant. On the ninth day of August appellant received the following telegram:

"GADSDEN, ALA., Aug. 9th.

"To THE ROYAL HOTEL,
    "East St. Louis, Ill.
   "I stopped with you August 3d and left $250 in "charge of your clerk at your desk and at present "hold your receipt for same, but had misplaced for "several days. An answer to me here at my expense "would oblige me by telegram."

G. E. VANDERGRIFT."

Upon his return to East St. Louis, a week later, appellee presented his receipt and demanded the $250 left with the clerk August 3d. Appellee testifies that he forgot to call for the deposit the night he paid his bill and left the hotel. The clerk, Calvert, testifies that he returned to appellee his money, but forgot to take up the receipt. Other circumstances corroborating Calvert appear in evidence, which we do not recite. Calvert is also corroborated by two other witnesses, apparently disinterested, who swear that they were present, that appellee was drunk and that they saw Calvert pay him his money, which he counted out and said was all right. After careful consideration of all the evidence shown by the abstract and record, we are clearly of opinion that it preponderates largely in favor of the appellant. The evidence tends strongly to prove that appellee was intoxicated and lacking in memory of what occurred at the hotel when he paid his bill and left. That he did not discover his loss for almost a week is a circumstance that should have weight, and his uncertainty, even then, as to what had become of his money may be inferred from the telegram of August 9th. As the case is to be remanded for

another trial, we forbear further discussion of the evidence. The only instruction given in the trial is subject to the objection made by appellant, and the error is not likely to be repeated on another trial. We deem further comment unnecessary. The judgment is reversed and the cause remanded.

*Reversed and remanded.*